UNITED STATES DISTRICT COURT
                             DISTRICT OF MASSACHUSETTS

|                                )
| UNITED STATES OF AMERICA,      )
|                                )
|                                )
|        v.                      )    CRIMINAL ACTION
|                                )    NO. 13-4138-DHH
| ATILANO B. BONILLA,            )
|                Defendant.      )
|                                )

                                    **ORDER**

                                  May 13, 2014

Hennessy, M.J.

   This matter is before the Court on Defendant Atilano B. Bonilla's Oral Motion for a Jury Trial. For the reasons that follow, the Court **DENIES** the Motion.

I.  **BACKGROUND**

   Bonilla is a retired Air Force Commander who lives on Hanscom Air Force Base ("Hanscom") and works for a contractor of Hanscom. On November 11, 2013, a criminal complaint was filed charging Bonilla with a violation of 18 U.S.C. § 13 for driving a motor vehicle upon a way within Hanscom while under the influence of intoxicating liquor.[1] (Docket #9).

---

[1] Bonilla was initially issued two violation notices on March 21, 2013. Violation Number 3342035 charged Bonilla with operating a motor vehicle under the influence of alcohol in violation of Mass. Gen. Laws ch. 90, § 24. (Docket #1). Violation Number 3342036 charged Bonilla with swerving in marked lanes and crossing over the double yellow line in violation of Mass. Gen. Laws ch. 89, § 4. (Docket #1-1). An initial appearance on the violation notices was held on September 12, 2013. (Docket #5). The Court directed the Government to determine if the case could proceed by violation notice and continued the case to October 10, 2013. (Id.). Bonilla was arraigned on October 10, 2013, and entered a not guilty plea on each violation. (Docket #6). The criminal complaint was filed on November 11, 2013, charging Bonilla with a violation of 18 U.S.C. § 13 only for driving a motor vehicle upon a way within Hanscom while under the influence of intoxicating liquor. (Docket #9).

A pretrial status conference was held in this case on May 1, 2014. (Docket #32). At this hearing, Bonilla orally moved for a trial by jury. Bonilla submitted a memorandum in support of his motion on May 5, 2014. (Docket #33). The Government filed an opposition to the motion on May 7, 2014.[2] (Docket #36).

## II. ANALYSIS

The Assimilative Crimes Act ("ACA") provides, in relevant part:

> Whoever within or upon any [federal enclave], is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State . . . in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

18 U.S.C. § 13(a). Pursuant to Massachusetts General Laws chapter 90, section 24, it is a violation of Massachusetts law to operate a motor vehicle on a public way while under the influence of intoxicating liquor.

The Sixth Amendment requires that defendants accused of "serious" crimes be afforded the right to trial by jury. Baldwin v. New York, 399 U.S. 66, 68 (1970) (citing Duncan v. Louisiana, 391 U.S. 145 (1968)). An offense carrying a term of imprisonment in excess of six months is considered sufficiently severe to be categorized automatically as "serious." Id. A defendant charged with a "petty" offense is not entitled to a jury trial. Codispoti v. Pennsylvania, 418 U.S. 506, 512 (1974); District of Columbia v. Clawans, 300 U.S. 617, 662 (1937). An offense is presumed to be "petty" for purposes of the right to a jury trial if the maximum term of imprisonment is six months or less. Blanton v. North Las Vegas, 489 U.S. 538, 543 (1989). If the maximum term of imprisonment is six months or less, the defendant is entitled to a jury trial "only if he can demonstrate that any additional statutory penalties, viewed

---

[2] On the docket, the opposition is incorrectly named as an opposition to the motion to suppress breath test.

in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a 'serious' one." Id.

In support of his argument that he is entitled to a jury trial, Bonilla cites to United States v. Jenkins, 780 F.2d 472 (4th Cir. 1986), for the proposition that, if the right to a jury trial existed for a defendant according to the state constitution at the time of its enactment, then the defendant is entitled to a jury trial even for a petty offense when tried in federal court. (Docket #33 at 1-2). Defendant reads the Massachusetts Declaration of Rights to guarantee a right to trial by jury to all people who risk losing property, in the form of fines and fees in this case, or liberty. (Id. at 2).

As an initial matter, Jenkins is not binding on this court. Nor does it stand for the proposition that Bonilla proposes. In Jenkins, the Fourth Circuit addressed whether a defendant charged under the ACA with violating a South Carolina statute prohibiting driving a vehicle while under the influence of intoxicating liquors ("DUI") was entitled to trial by jury. Jenkins, 780 F.2d at 473. The defendants argued that the ACA assimilated into federal law a right to jury trial for a DUI first offense provided by the South Carolina Constitution. Id. at 475. The Fourth Circuit held that, because a DUI first offense did not exist at the time of the passage of South Carolina's Constitution, a jury trial right for such an offense in South Carolina was merely procedural and, as a result, is not assimilated into federal law by the ACA. Id. Ultimately, the Fourth Circuit held that a defendant charged with a DUI first offense was not entitled to trial by jury as the offense was "petty." Id. As was true in Jenkins, operating a motor vehicle on a public way while under the influence of intoxicating liquor was not an offense that existed at the time of the passage of the Massachusetts Declaration of Rights in 1780. Hence, a jury trial for such a violation is not assimilated into federal law by the ACA. Additionally, the Court is

3

persuaded by the fact that, were the Court to accept Bonilla's reading of the case law cited, it would necessarily determine that every defendant charged under the ACA was entitled to a trial by jury. The Court is unaware of any charge under the ACA where the defendant would not face some risk of a fine, fee, or loss of liberty.

At the hearing on May 1, 2014, Bonilla also presented this Court with United States v. Woods, 450 F. Supp. 1335 (D. Md. 1978), as authority for his argument. Woods is also not binding on this Court. The Woods court determined that the principal inquiry when deciding whether a defendant was entitled to trial by jury related to the character and gravity of the offense. Woods, 450 F. Supp. at 1345. Based on this guideline, the Woods court determined that the offense of driving while intoxicated is a "serious" crime, due to the hazard such a crime poses to society, for which an accused must be accorded a right to trial by jury. Id. at 1349. However, in Blanton v. North Las Vegas, decided after Woods, the Supreme Court determined that a right to jury trial was unavailable to persons charged with a first offense of driving under the influence of alcohol where such persons faced a maximum term of imprisonment of six months or less. Blanton, 489 U.S. at 545.

At arraignment, Bonilla was notified that the maximum penalties that could be imposed under this Court's jurisdiction are incarceration of up to six months and a fine of up to $5,000. (Docket #5). Because the maximum term of imprisonment Bonilla faces is six months or less, his offense is deemed to be petty. The fact that he also faces the possibility of a $5,000 fine does not change this analysis. See 18 U.S.C. § 19 (defining a "petty offense" as one for which an individual faces a maximum fine of no greater than $5,000). Therefore, Bonilla is not entitled to a trial by jury.[3]

---

[3] The fact that Bonilla would face a term of imprisonment of up to two and one-half years if tried in a Massachusetts state court also does not entitle him to trial by jury here. The ACA does not require the maximum punishment range

### III. CONCLUSION

For the foregoing reasons, Bonilla's Oral Motion for a Jury Trial is hereby **DENIED**.

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

under state law to be assimilated when that range would be in conflict with federal policy. United States v. Teran, 98 F.3d 831, 834-35 (5th Cir. 1996) (holding that, in case of defendant charged with driving while intoxicated under the ACA, based on the conflict between the state punishment range allowing for imprisonment for up to two years and the federal policy of reliance on magistrate judges, an exception to the ACA's customary full assimilation of state law was permitted); United States v. Kelly, 989 F.2d 162, 163-64 (4th Cir. 1993) (jurisdiction of magistrate judge proper; although magistrate only had authority to impose a twelve-month sentence and the maximum sentence under the state statute was eighteen months, the federal court declined to assimilate the state punishment range); United States v. Talkington, 32 F. Supp. 2d 1262, 1264 (D. Kan.1998) (holding that a federal court need not assimilate that portion of the state driving while under the influence law stating that a third time offense is a felony since that provision conflicts with federal law governing the definition of a misdemeanor and a felony). The undersigned has assumed jurisdiction of this case with the understanding, as relayed to Bonilla at the arraignment, that the maximum sentence of incarceration imposed would be six months.